IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER J. ANDERSON,
   Plaintiff,

vs.              No. 19-2774-JTM

LEAVENWORTH COUNTY BOARD
OF COUNTY COMMISSIONERS,
   Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion to strike (Dkt. 29) which seeks to strike certain responses presented by errata sheet purporting to modify Tamara Copeland's responses in her November 30, 2020 deposition. Defendant argues that it received a copy of the errata sheet after filing its January 8, 2021 motion for summary judgment. In their motion, defendant does not take issue with many of the modifications to the deposition responses to the extent these reflect typical witness changes (Copeland avers she intended to say "fired," where the transcript records her as saying "tired") or other innocuous modifications.

However, defendant challenges eight specific modifications[1] as wholesale and radical revisions of sworn testimony, and argues such changes should not be allowed

---

[1] The passages, by page and line, are (1) 78:4-20; (2) 89:4-7; (3) 91:4-18; (4) 108:19; (5) 114:14-22; (6) 130:22; (7) 141:20; and (8) 145:1.

under Fed.R.Civ.Pr. 30(e). The plaintiff opposes the motion, generally arguing that the changes are not "misleading or disingenuous."

The plaintiff's essential argument — that a deposed party is free to abandon prior sworn testimony as long as it is serves to "clarify" prior testimony and is not "misleading" — is not the standard. If it were, depositions would quickly become meaningless exercises. Under Rule 30(e), a deposition conducted subject to cross-examination may be modified *only* where there is no newly discovered evidence, or the testimony was based on "obvious confusion." *See Burns v. Bd. of Cnty. Com'rs of Jackson Cnty.*, 330 F. 3d 1275 (10th Cir. 2003). Here, there is no claim of newly-discovered evidence. Further, Copeland's initial answers were full and free of any obvious conclusion.

"A deposition is not a take home examination."  *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242, n. 5 (10th Cir. 2002). Rule 30(e) "does not authorize changes because the deponent lied, misspoke, or otherwise wants to change or clarify his testimony." S*ummerhouse v. HCA Health Servs. of Kansas*, 216 F.R.D. 502, 505 (D. Kan. 2003). Nor does Rule 30 permit a deponent to "rewrite" portions of the deposition. *Rios v. Welch*, 856 F. Supp. 1499, 1502 (D. Kan. 1994), *aff'd sub nom. Rios v. Bigler*, 67 F.3d 1543 (10th Cir. 1995).

A review of the specific instances advanced by defendant supports the conclusion that the purported modifications are inconsistent with Rule 30(e). That is, the supposed corrections or modifications add entirely new narratives, changing simple sentences to long narrative paragraphs, adding information which should have been

2

known to witness at the time of the deposition. By way of illustration, in her deposition, Copeland responded with a simple "No" to the question of whether she was aware of a given meeting between plaintiff and two other individuals. By way of "correction," this "No" would now become:

> Yes. At some point I was made aware of this but not at the time it happened. I should have been informed at the time as I was Jennifer Anderson's direct supervisor and the only county official that can discipline her according to county policy and procedures. I was never notified that Anderson allegedly violated a county policy. Based on Exhibit 4, the letter of counseling was not put on the required format with required documentation to support incident or claim as required by county policy, nor was Anderson allowed the opportunity to have me present at the meeting, nor was she allowed to make a comment since the correct form was not used and it was placed in her personnel file in violation of county due process rights of an employee which violates county policy and procedure.

In the errata sheet, Copeland then attempts to rationalize turning "No" to "Yes," by an even lengthier discussion of how she now believes she *should* have responded.

As noted above, Rule 30(e) permits modifications to sworn deposition testimony only in limited circumstances. The simple desire of a "better" answer desire is not a sufficient rationale for the wholesale abandonment of prior testimony. The court will grant the motion to strike, and resolve the pending summary judgment motion once the briefing is complete.

IT IS ACCORDINGLY ORDERED this day of March, 2021, that the defendant's Motion to Strike (Dkt. 29) is hereby granted.

J. Thomas Marten
J. Thomas Marten, Judge
